IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEROY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04CV76-T |
| | ) | |
| DONAL CAMPBELL, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff is a prison inmate who was incarcerated at Easterling Correctional Facility at the time of the events about which he complains in this 42 U.S.C. § 1983 action. Smith complains that the named defendants were deliberately indifferent to his serious medical needs and that they unconstitutionally deprived him of property when they required him to pay a $3.00 co-pay for medical treatment. The defendants are Donal Campbell, the Commissioner of the Alabama Department of Corrections and Kay Wilson, a nurse at Easterling. The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

In response to the orders of the court, the defendants filed special reports and answers. The court then informed the plaintiff that the defendants' special reports may, at any time, be treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment. The plaintiff has filed his responses, and this case is now before the court for consideration of

the defendants' motions for summary judgment which the court concludes are due to be granted.

## The Deliberate Indifference Claim

The court first will discuss the plaintiff's deliberate indifference claims against the nurse and then discuss those claims against Campbell. The plaintiff complains that when he went to sick call complaining about shoulder pain, a nurse told him she had no idea how to ease his pain. However, the plaintiff admits in his complaint that the nurse did give him pain medication. The plaintiff further alleges that she should have given him a follow-up appointment to check on the efficacy of the treatment[1] which did not work. However, the undisputed evidence before the court shows that after the initial examination and treatment, the plaintiff did return to sick call again complaining of pain. At that time, the nurse ordered an X-ray, another pain reliever and a muscle relaxant. The nurse also scheduled Smith for an appointment in one week. At that appointment, the X-ray results indicated Smith's shoulder was "completely normal." The undisputed facts show that Smith sought no further treatment and made no further complaints about his shoulder.

The plaintiff is entitled to no relief against the medical defendant for two reasons. First, the undisputed facts show that defendant Wilson was not the nurse who treated Smith. Rather, the nurse was Cecilia Cooley. Smith's failure to show personal

---

[1] "The attending Nurse Practitioner prescribed an anti-inflamatory drug and a muscle relaxant. The treatment was for 14 days, after which a follow-up visit should have been scheduled to determine the effectiveness of the treatment." (Plt's Cmplt.)

participation on the part of Wilson or any other action by her regarding his treatment is fatal to his claim. *See  Hill v.Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1192 (11th Cir.1994).  Second, the undisputed facts show that Smith's constitutional rights were not violated because the medical personnel were not deliberately indifferent to his serious medical needs.

    To prevail in a suit based on an eighth amendment claim about medical attention a prisoner must show at a minimum that prison or medical officials have acted with deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985).  Because society does not expect that  prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson  v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000 (1992).  A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.   A prison or medical official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994).  Under this standard, a prison or medical official does not act with indifference by providing medical care that is different from that which a prison inmate desires.  *See Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985).

3

The plaintiff received medical treatment.  The mere fact that it was not efficacious or different from what he wanted or thought he should get does not amount to a constitutional violation.  Wilson's motion for summary judgment on the deliberate indifference claim is due to be granted.

In response to Smith's deliberate indifference claims, defendant Campbell asserts his official immunity and qualified immunity.  However, the first question for the court is whether the plaintiff has asserted a constitutional violation against Campbell at all.[2]  The plaintiff fails to show that Campbell was personally involved in Smith's medical treatment or that any actions taken by the medical personnel were a consequence of any policy established by Campbell.  Supervisory personnel cannot be held liable under 42 U.S.C. § 1983 for the actions of their subordinates under a theory of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658,  691 (1978); *Greason v. Kemp*, 891 F.2d  829, 836 (11th Cir.1990).  Liability may be imposed on them, however, if the plaintiff can demonstrate that they either personally participated in  the acts comprising the alleged constitutional violation or instigated or adopted a policy that violated the plaintiff's constitutional rights.  *See  Hill*, 40 F.3d at 1192.  Smith has come forward with no evidence sufficient to create a dispute about whether Campbell violated his constitutional rights.  Summary judgment is due to be granted in favor of Campbell.

---

[2] "A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

**The Co-Pay Claim**

The assessment against Smith of a $3.00 co-payment for medical treatment does not in any way deprive him of a protected right, privilege or immunity in violation of the Constitution.  *Shapley v. Nevada Board of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir.1985) (imposition of fee for medical treatment provided to an inmate does not amount to a constitutional violation); *Oliver v. Matthews*, 2005 WL 1270949 (M.D. Ala. 2005).  The law is well-established that if an inmate is unable to pay for necessary medical care, that care must be provided at state expense. *Estelle v. Gamble*, 429 U.S. 97 (1976).  Fees-for-medical/dental-services programs, however, do not require inmates to shoulder unconstitutional conditions but instead require inmates to make resource allocation decisions for which they will have some, albeit, limited responsibility. *See Johnson v. Dept. of Public Safety and Correctional Services*, 885 F.Supp. 817 (D. Md.1995) (co-pay policy); *Martin v. DeBruyn*, 880 F.Supp. 610 (N.D. Ind.1995). Smith does not allege that he was denied medical treatment because he was unable to pay the fee, and he, therefore, has failed to allege a violation of his constitutional rights.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motions for summary judgment be GRANTED and that this case be dismissed with prejudice.  It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the plaintiff.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 7, 2005**.  Any objections filed must

specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of August, 2005.

                                        /s/Charles S. Coody
                                   CHARLES S. COODY
                                   CHIEF UNITED STATES MAGISTRATE JUDGE